IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
At Beckley

UNITED STATES FIDELITY
& GUARANTY COMPANY,

                Plaintiff,

v.

                                CIVIL ACTION NO.:   5:03-0702

CHARLIE SANDERS,
LORETTA BAILEY, Administratrix of
the ESTATE OF SHAWN KEITH BAILEY,
DARREN C. LUSK D/B/A BIG CHIG, INC.,
BLUESTONE COAL COMPANY,
LOGAN & KANAWHA COAL CO., INC.,
KAT TRUCKING COMPANY, and
RONNIE JOE LUSK,

                Defendants.

## INTEGRATED PRETRIAL MEMORANDUM

Pursuant to LR Civ P 2.04(b) and Rule 16 of the Federal Rules of Civil Procedure, now come the parties and provide the Court with their integrated Pre-Trial Memorandum as follows:

1.    **TRIAL DATE:**                November 16, 2005

2.    **PRETRIAL DATE:**         October 25, 2005 at 10:30 p.m.

3.    **PRE-TRIAL DISCLOSURES REQUIRED BY FR CIV P 26(A)(3) AND ANY OBJECTIONS THERETO:**

    A.    **Plaintiff:**

The plaintiff asserts that this case is a declaratory judgment action encompassing solely legal issues which do not necessitate factual discovery and are appropriate for resolution by the Court. However, should this matter proceed to trial, the plaintiff intends to offer the following witnesses and documents as listed below:

**I.**     **Witnesses expected to be called:**

1.      Plaintiff reserves the right to call a representative of United States Fidelity & Guaranty Company (hereinafter USF&G) or its third-party administrator, Murdock Claims Management Company, to verify the authenticity of the subject policy, should the defendants not be agreeable to the plaintiff's proposed stipulation.

2.      Plaintiff reserves the right to call Defendant Charlie Sanders, Sabine, WV. Defendant Sanders is expected to testify as to his knowledge of this case.

3.      Plaintiff reserves the right to call Loretta Bailey, Sabine, WV. Defendant Bailey is expected to testify as to her knowledge of this case.

4.      Plaintiff reserves the right to call Defendant Darren C. Lusk, Oceana, WV. Defendant Lusk is expected to testify as to his knowledge of this case.

5.      Plaintiff reserves the right to call Ronnie Joe Lusk, Box 1236, Oceana, WV. Mr. Lusk is expected to testify as to his knowledge of this case.

6.      Plaintiff reserves the right to call Kimberly A. Toler, Box 65, Oceana, WV. Ms. Toler is expected to testify as to her knowledge of this case.

7.      Plaintiff reserves the right to call Tony D. Toler, Box 65, Oceana, WV. Mr. Toler is expected to testify as to his knowledge of this case.

8.      Plaintiff reserves the right to call Leslie Boggs or other representative of Jim Lively Insurance, Oak Hill, WV 25901.   Ms. Boggs or other representative may testify as to her or his knowledge of this case.

9.      Plaintiff reserves the right to call Paula Fimognari, Technical Claim Manager, Murdock Claim Management, 425 Day Hill Road, Windsor, CT 06095.   Ms. Fimognari may testify as to the Commercial Auto Policy written by United States Fidelity & Guaranty Company to Darren C. Lusk d/b/a Big Chig, Inc.

10.     Plaintiff reserves the right to call Jeremy Brakke, Frontier Adjusters of Charleston, Beckley & Oak Hill, WV, P. O. Box 2892, Charleston, WV 25330. Mr. Brakke may testify as to his knowledge of this case.

11.     Plaintiff reserves the right to call an employee or representative of Bluestone Coal Corporation.

12.    Plaintiff reserves the right to call an employee or representative of Big Chig, Inc.

13.    Plaintiff reserves the right to call an employee or representative of Logan & Kanawha Coal Co., Inc.

14.    Plaintiff reserves the right to call an employee or representative of KAT Trucking.

15.    Plaintiff reserves the right to call any individual concerning this matter that has not been determined, as of yet.

16.    Plaintiff reserves the right to call any individual whose name is given during a deposition taken in this matter or in *Sanders v. Bluestone Coal Corporation, et al.*, Civil Action No. 03-C-100, Circuit Court of Wyoming County, West Virginia;

17.    Plaintiff reserves the right to call any individual identified in discovery in *Sanders v. Bluestone Coal Corporation, et al.*, Civil Action No. 03-C-100, Circuit Court of Wyoming County, West Virginia;

18.    Plaintiff reserves the right to call any person listed in discovery by any party;

19.    Plaintiff reserves the right to call any person listed in the Integrated Pretrial Memorandum;

20.    Plaintiff reserves the right to call any and all persons necessary to meet issues raised by the defendants.

21.    Plaintiff reserves the right to supplement this list should the defendants supplement their list of witnesses to be called or should supplementation be necessary in light of rulings on motions pending before the Court.

**II.    Witnesses to be called if the need arises:**

1.    Plaintiff reserves the right to call any and all witnesses identified by defendants as those expected to be called if the need arises.

2.    Plaintiff reserves the right to call any person listed in discovery by any party.

3

3.    Plaintiff reserves the right to call any person listed in the Integrated Pretrial Memorandum;

4.    Plaintiff reserves the right to call any and all persons necessary to meet issues raised by the defendants.

5.    Plaintiff reserves the right to supplement this list should the defendants supplement their list of witnesses who may be called if the need arises or should supplementation be necessary in light of rulings on motions pending before the Court.

**III.    Witnesses who may testify by deposition:**

1.    Plaintiff reserves the right to call any and all of the witnesses identified by the defendants as those who may testify by deposition.

2.    Plaintiff reserves the right to call any other witness whose deposition has been taken or will be taken prior to trial, including those depositions taken in *Sanders v. Bluestone Coal Corporation, et al.*, Civil Action No. 03-C-100, Circuit Court of Wyoming County, West Virginia.

3.    Plaintiff reserves the right to supplement this list should the defendants supplement their list of witnesses who may testify by deposition or should supplementation be necessary in light of rulings on motions pending before the Court.

**IV.    Exhibits or evidence to be offered at trial:**

1.    Plaintiff reserves the right to introduce the subject insurance policy, policy number PD85P00168, with a policy period of November 30, 2001, through November 30, 2002. The plaintiff proposes a stipulation regarding the admissibility of this document, as discussed in Paragraph 9, below.

2.    Plaintiff reserves the right to introduce the West Virginia Uniform Traffic Crash Report.

3.    Plaintiff reserves the right to introduce Interview Summaries of Darren Craig Lusk and Tony D. Toler.

4.    Plaintiff reserves the right to introduce a letter from Brenda Phillips, Senior Examiner, Nautilus Insurance Group, dated March 3, 2003.

4

5.      Plaintiff reserves the right to introduce a letter from George J. Joseph, Esq., Bailey & Wyatt, PLLC, dated February 24, 2003.

6.      Plaintiff reserves the right to introduce any and all pleadings, deposition transcripts, deposition exhibits, and discovery filings previously made on behalf of or produced by the parties in this matter.

7.      Plaintiff reserves the right to introduce any exhibit listed in discovery by any party.

8.      Plaintiff reserves the right to introduce any and all exhibits listed in the Integrated Pretrial Memorandum.

9.      Plaintiff reserves the right to introduce any and all exhibits necessary to meet issues raised by the defendants.

10.     Plaintiff reserves the right to introduce any and all pleadings, discovery, deposition transcripts, and deposition exhibits in *Sanders v. Bluestone Coal Corporation, et al.*, Civil Action No. 03-C-100, Circuit Court of Wyoming County, West Virginia.

11.     Plaintiff reserves the right to supplement this list should the defendants supplement their exhibits identified by the defendants to be offered at trial or should supplementation be necessary in light of rulings on motions pending before the Court.

12.     Plaintiff reserves the right to object to the admissibility of any documents or other tangible things which are identified or offered by the defendants.

**V.      Exhibits or evidence to be offered if the need arises to establish facts related to underlying action:**

1.      Plaintiff reserves the right to introduce any and all exhibits identified by the defendants which may be offered if the need arises.

2.      Plaintiff reserves the right to introduce any and all pleadings, deposition transcripts, deposition exhibits, and discovery filings previously made on behalf of or produced by the parties in this matter.

3.      Plaintiff reserves the right to introduce any and all pleadings, discovery, deposition transcripts, and deposition exhibits in *Sanders v. Bluestone Coal Corporation, et al.*, Civil Action No. 03-C-100, Circuit Court of Wyoming County, West Virginia.

4.    Plaintiff reserves the right to introduce any exhibit listed in discovery by any party.

5.    Plaintiff reserves the right to introduce any exhibit listed in the Integrated Pretrial Memorandum.

6.    Plaintiff reserves the right to introduce any and all exhibits necessary to meet issues raised by the defendants.

7.    Plaintiff reserves the right to supplement this list should the defendants supplement the exhibits identified by the defendants, which may be offered if the need arises, or should supplementation be necessary in light of rulings on motions pending before the Court.

8.    Plaintiff reserves the right to object to the admissibility of any and all exhibits identified by the defendants which may be offered if the need arises.

### VI.   Objections To Defendants Disclosures:

1.    Plaintiff reserves the right to object to witnesses identified by the defendants herein that have not been previously disclosed in discovery.

2.    Plaintiffs reserve the right to object to exhibits identified by the defendants herein that have not been previously disclosed in discovery.

## B.    Defendants:

### I.    Witnesses expected to be called at trial:

**Witnesses expected to be called on behalf of Charlie Sanders and Loretta Bailey:**

(1)    Michael Lively, c/o Jim Lively Insurance Company, Beckley, WV;

(2)    Mike Malay, c/o Jim Lively Insurance Company, Oak Hill, WV;

(3)    Darren Lusk, c/o Big Chig, Inc., Oceana, WV;

(4)    Mary Price, c/o Big Chig, Inc., Oceana, WV;

(5)    Kirby Bragg, c/o Bluestone Coal Corporation;

(6)    Gary Foster, c/o Bluestone Coal Corporation;

6

(7)     Joe Czul, c/o Logan & Kanawha Coal Company;

(8)     Leslie Boggs, Transportation Manager, c/o Jim Lively Insurance Company, Beckley, WV.

## II.     Witnesses who may be called if the need arises:

(1)     Joe Czul, President, c/o Logan & Kanawha Coal Co., Inc.;

(2)     Kirby Bragg, c/o Bluestone Coal Corporation;

(3)     Ken Lambert, c/o Bluestone Coal Corporation;

(4)     Gary Foster, c/o Bluestone Coal Corporation [former custodian of records];

(5)     Janice Price, c/o Big Chig Trucking Company;

(6)     Bruce Remines, c/o Bluestone Coal Corporation;

(7)     Kenneth McKinney, c/o Bluestone Coal Corporation;

(8)     Tony Toler, c/o Toler Trucking Company;

(9)     Darren Lusk, c/o Big Chig Trucking Company;

(10)    Ronnie Lusk, P. O. Box 1236, Oceana, WV;

(11)    Loretta Bailey, Sabine, WV;

(12)    Charlie Sanders, Sabine, WV;

(13)    Janell Harvey, Sabine, WV;

(14)    Hollie J. Bailey, Sr., Sabine, WV;

(15)    Angela Denise Bailey-Frances, Sabine, WV;

(16)    Hollie J. Bailey, Jr., Sabine, WV;

(17)    Senior Trooper R. G. Flippen, c/o WV State Police, Logan, WV;

(18)    Butch Dudding, c/o Logan Emergency Ambulance Service, Main Street, Logan, WV;

(19)    Chandler Phillips, c/o Logan Emergency Ambulance Service, Main Street, Logan, WV;

(20)    James Short, c/o Logan Emergency Ambulance Service, Main Street, Logan, WV;

(21)    Olen York, Inspector, c/o WV Public Service Commission, Charleston, WV;

(22)    Jeremy Brakke, c/o Frontier Adjusters of Charleston, P. O. Box 2892, Charleston, WV.


## EXPERT WITNESSES
## [ONLY WITH RESPECT TO UNDERLYING ACTION IF NEED ARISES]


(1)     James C. Kraner, Ph.D., DABT, c/o Office of Chief Medical Examiner, 701 Jefferson Road, South Charleston, WV;

(2)     Gabriel G. Alexander, P.E., c/o Robson Lapina, Inc., 404 Commerce Park Drive, Cranberry Township, PA;

(3)     William E. Cobb, Ph.D., c/o Economic Consultants & Associates, Inc., 900 Lee Street, East, Charleston, WV;

(4)    Dr. Michael Shinnick, c/o Dynamics Research Group, 670 Sunshine Farm Lane, Blacksburg, VA.

## TREATING PHYSICIANS [CHARLIE SANDERS]

(1)    Mario Balmaseda, M.D., c/o Charleston Area Medical Center, Charleston, WV;

(2)    Frank Armbrust, M.D., c/o Charleston Area Medical Center, Charleston, WV;

(3)    John A. Deluca, M.D., c/o Charleston Area Medical Center, Charleston, WV;

(4)    Frank Lucente, M.D., c/o Charleston Area Medical Center, Charleston, WV;

(5)    William Sale, M.D., c/o Charleston Area Medical Center, Charleston, WV.


## TREATING PHYSICIANS [SHAWN KEITH BAILEY]

(1)    Dr. K. Kitiphongspattana, c/o Logan General Hospital, Logan, WV.

**III.    Witnesses who may testify by deposition:**

(1)    Charlie Sanders and Loretta Bailey reserve the right to use portions of the transcript of all witnesses whose depositions have been taken in the underlying State Court action, including:

      a.    Darren Lusk;

      b.    Ronnie Lusk;

      c.    Tony Toler;

      d.    Joe Czul;

      e.    Kirby Bragg;

      f.    Gabriel Alexander, P.E.


**IV.    Exhibits expected to be offered at trial:**

**Exhibits expected to be offered at Trial by Charlie Sanders and Loretta Bailey:**

8

(1)     Exemplar of the USF&G Commercial Insurance Policy issued to Big Chig Trucking, Policy Number D085P00168;

(2)     Commercial Policy Change Request adding hired and non-owned auto coverage to USF&G Policy Number D085P00168;

(3)     Customer Transaction History of Big Chig, Inc., 01, from Jim Lively Insurance Company through August 5, 2004;

(4)     Claims History to Jim Lively Insurance Company for Big Chig Trucking, from April 2001 through June 2002;

(5)     Leslie Boggs, Transportation Manager, c/o Jim Lively Insurance Company, transmittal to USF&G, JOHN MURPHY, dated March 17, 2003, Response, March 18, 2003;

(6)     Customer Activity Listings, Jim Lively Insurance Company, 02/27/01, relating to Bluestone Coal Corporation;

(7)     Certificate of Liability Insurance Coverage to Big Chig, Inc. from Jim Lively Insurance Company, 02/27/01, identifying the Certificate Holder, Bluestone Coal, as an additional insured;

(8)     ACE USA Declarations Excess Liability Policy, issued by Jim Lively Insurance Company, 02/27/02.


**V.**     **Exhibits or evidence to be offered if the need arises:**

(1)     West Virginia Uniform Traffic Crash Report;

(2)     Weigh Bill records from Kenwest Terminals, LLC [producer, L & K Coal Company] from April 1, 2002 through April 30, 2002;

(3)     Logan & Kanawha Coal Company transaction details, Deal No: 2002035 M;

(4)     Payment checks and bank drafts issued by Logan & Kanawha Coal Company to Bluestone Coal Corporation and Big Chig Trucking in the timeframe of March 2002 through May 2002;

(5)     Pleadings from the underlying State Court action:

    a.     Logan & Kanawha Coal Company's Motion for Summary Judgment on the Issue of Joint Venture;

9

b.  Charlie Sanders and Loretta Bailey's Response to L & K Coal Company's Motion for Summary Judgment on the Issue of Joint Venture;

c.  Big Chig Trucking Company's Motion for Summary Judgment on the Issue of Joint Venture;

d.  Charlie Sanders and Loretta Bailey's Response to Big Chig Trucking Company's Motion for Summary Judgment on the Issue of Joint Venture;

e.  Bluestone Coal Corporation's Motion for Partial Summary Judgment on the Issue of Joint Venture;

f.  Charlie Sanders and Loretta Bailey's Response to Bluestone Coal Corporation's Motion for Partial Summary Judgment on the Issue of Joint Venture;

g.  State Court's rulings on the various Motions for Summary Judgment;

h.  Gabriel Alexander's Report of causes of the wreck of April 15, 2002;

i.  Death Certificate of Shawn Keith Bail

j.  Medical records of Charlie Sanders.

## VI.  Objections to the Plaintiff's disclosures:

**Defendants Sanders and Bailey:**

Many of the witnesses listed by USF&G and most of the exhibits listed have no relevance with respect to the primary issues to be decided by the Court. The insurer is required to show that there are no set of facts alleged or susceptible to proof in the underlying State Court action upon which a claim by the plaintiff against its insured would be covered under the terms of the insurance policy. Syl. Pt. 3, Bruceton Bank v. United States Fidelity & Guaranty Insurance Company, 199 W.Va. 548, 486 S.E.2d 19 (1997). To decide the insurer's duties, the Court must go beyond "the bare allegations contained in the ... pleadings and conduct a reasonable inquiry into the facts in order to ascertain whether the claims asserted may come within the scope of the coverage that the insurer is obligated to provide." Farmers and Mechanics Mutual Fire Insurance Company v. Hutzler, 447 S.E.2d 22 (W.Va. 1994). Once the determination is made that the facts of the underlying action provide a claim that is reasonably susceptible to being covered under the policy, the responsibilities of the Court entertaining the Declaratory Judgments come

10

to an end. It simply should enter a ruling denying the application for Declaratory Judgment and requiring the insurer to provide a defense. Its ultimate liability and obligation to indemnify the insured will depend upon the success of those theories and the actual verdicts rendered by the presiding State Court jury.

**Defendant Bluestone Coal Corporation**

Bluestone Coal Corporation (hereinafter "Bluestone") asserts that the subject policy provides coverage for the KAT Trucking truck involved in the accident in the underlying matter and Bluestone as an additional insured. Therefore, this case is appropriate to be resolved by this Court on Bluestone Coal Corporation's Motion for Summary Judgment. Nevertheless, if this matter does proceed to trial, Bluestone intends to offer the following witnesses and documents as listed below.

I.    **Witnesses expected to be called at trial:**

1.    Bluestone reserves the right to call at trial any and all witnesses disclosed by any other party to this civil action.

2.    Bluestone reserves the right to call any and all necessary rebuttal witnesses.

3.    Bluestone reserves the right to call any and all witnesses who have been deposed in the underlying action, styled, *Sanders v. Bluestone Coal Corporation, et al.*, Civil Action No. 03-C-100, Circuit Court of Wyoming County.

4.    Bluestone reserves the right to call any and all witnesses identified by any other party in the disclosures and/or this integrated memorandum.

5.    Bluestone reserves the right to call a representative of United States Fidelity & Guaranty Company (hereinafter USF&G) or its third-party administrator, Murdock Claims Management Company, to provide testimony regarding the denial of insurance coverage to Bluestone.

6.    Bluestone reserves the right to call a representative of USF&G to provide testimony regarding USF&G's claims practice and procedure for claims under commercial business policies.

7.    Bluestone reserves the right to call a representative of USF&G to provide testimony regarding USF&G's claims manuals, training manuals, and underwriting guidelines.

8.    Bluestone reserves the right to call Defendant Charlie Sanders, Sabine, WV. Defendant Sanders is expected to testify as to his knowledge of this case.

11

9.  Bluestone reserves the right to call Defendant Darren Lusk, Oceana, WV. Defendant Lusk is expected to testify as to his knowledge of this case.

10. Bluestone reserves the right to call Leslie Boggs or other representative of Jim Lively Insurance, Oak Hill, WV 25901. Ms. Boggs or other representative may testify as to her or his knowledge of this case.

11. Bluestone reserves the right to call Loretta Bailey, Sabine, WV. Ms. Bailey is expected to testify as to her knowledge of this case.

12. Bluestone reserves the right to call Defendant Ronnie Jo Lusk, Box 1236, Oceana, WV. Defendant Lusk is expected to testify as to his knowledge of this case.

13. Bluestone reserves the right to call Kimberly A. Toler, Box 65, Oceana, WV. Ms. Toler is expected to testify as to her knowledge of this case.

14. Bluestone reserves the right to call Toney D. Toler, Box 65, Oceana, WV. Mr. Toler is expected to testify as to his knowledge of this case.

15. Bluestone reserves the right to call Jeremy Brakke, Frontier Adjusters of Charleston, WV 25330, Beckley & Oak Hill, WV, P. O. Box 2892, Charleston, WV 25330. Mr. Brakke may testify as to his knowledge of this case.

16. Bluestone reserves the right to call Paula Fimognari, Technical Claim Manager, Murdock Claim Management, 425 Day Hill Road, Windsor, CT 06095. Ms. Fimognari may testify as to the Commercial Auto Policy written by United States Fidelity & Guaranty Company to Darren C. Lusk d/b/a Big Chig, Inc.

17. Bluestone reserves the right to call an employee or representative of Bluestone Coal Corporation who has relevant information regarding said commercial insurance policy.

18. Bluestone reserves the right to call an employee or representative of Big Chig, Inc.

19. Bluestone reserves the right to call an employee or representative of Logan & Kanawha Coal Co., Inc.

20. Bluestone reserves the right to call an employee or representative of KAT Trucking.

21. Bluestone reserves the right to call any individual concerning this matter that has not been determined, as of yet.

22.   Bluestone reserves the right to call any individual whose name is given during depositions taken in this matter or in *Sanders v. Bluestone Coal Corporation, et al.*, Civil Action No. 03-C-100, Circuit Court of Wyoming County, West Virginia.

23.   Bluestone reserves the right to call any individual identified in discovery in *Sanders v. Bluestone Coal Corporation, et al.,* Civil Action No. 03-C-100, Circuit Court of Wyoming County, West Virginia.

24.   Bluestone reserves the right to call any person listed in discovery by any party.

25.   Bluestone reserves the right to call any person listed in the Integrated Pretrial Memorandum.

26.   Bluestone reserves the right to call any and all persons necessary to meet issues raised by USF&G.

27.   Bluestone reserves the right to supplement this list should the plaintiff supplement their list of witnesses to be called or should supplementation be necessary in light of rulings on motions pending before the Court.

**II.    Witnesses who may be called if the need arises:**

1.    Bluestone reserves the right to call any and all witnesses identified by any party as those expected to be called if the need arises.

2.    Bluestone reserves the right to call any person listed in discovery by any party.

3.    Bluestone reserves the right to call any person listed in the Integrated Pretrial Memorandum.

4.    Bluestone reserves the right to call any and all persons necessary to meet issues raised by the other parties.

5.    Bluestone reserves the right to supplement this list should any parties supplement their list of witnesses who may be called if the need arises or should supplementation be necessary in light of rulings on motions pending before the Court.

**III.   Witnesses who may testify by deposition:**

1.    Bluestone reserves the right to call any other witnesses whose deposition has been taken or will be taken prior to trial, including those deposition taken in *Sanders v. Bluestone Coal Corporation, et al.*, Civil Action No. 03-C-100, Circuit Court of Wyoming County, West Virginia.

13

2.     Bluestone reserves the right to supplement this list should the plaintiff supplement its list of witnesses who may testify by deposition or should supplementation be necessary in light of rulings on motions pending before the Court.

## IV.    **Exhibit expected to be offered at trial:**

1.     Bluestone reserves the right to introduce the subject insurance policy, policy number PD85P00168, with a policy period of November 30, 2001, through November 30, 2002.

2.     Bluestone reserves the right to introduce the West Virginia Uniform Traffic Crash Report.

3.     Bluestone reserves the right to introduce any and all pleadings, deposition transcripts, deposition exhibits, and discovery filings previously made on behalf of or produced by the parties in this matter.

4.     Bluestone reserves the right to introduce any exhibit listed in discover by any party.

5.     Bluestone reserves the right to introduce any and all exhibits listed in the Integrated Pretrial Memorandum.

6.     Bluestone reserves the right to introduce any and all exhibits necessary to meet issues raised by the plaintiffs.

7.     Bluestone reserves the right to introduce any and all pleadings, discovery, deposition transcripts, and deposition exhibits in *Sanders v. Bluestone Coal Corporation, et al.*, Civil Action No. 03-C-100, Circuit Court of Wyoming County, West Virginia.

8.     Bluestone reserves the right to introduce USF&G's underwriting materials, and policies and procedures relating to commercial auto policies.

9.     Bluestone reserves the right to supplement this list should the plaintiff supplement their exhibits identified by the defendants to be offered at trial or should supplementation be necessary in light of rulings on motions pending before the Court.

10.    Bluestone reserves the right to introduce the Certificate of Insurance naming Bluestone as an additional insured.

11.    Bluestone reserves the right to object to the admissibility of any documents or other tangible things which are identified or offered by the defendants.

14

## V.    Exhibits or evidence to be offered if the need arises:

1.    Bluestone reserves the right to introduce any and all exhibits identified by any party which may be offered if the need arises.

2.    Bluestone reserves the right to introduce any and all pleadings, deposition transcripts, deposition exhibits, and discovery filings previously made on behalf of or produced by the parties in this matter.

3.    Bluestone reserves the right to introduce any and all pleadings, discovery, deposition transcripts, and deposition exhibits in *Sanders v. Bluestone Coal Corporation, et al.*, Civil Action No. 03-C-100, Circuit Court of Wyoming County, West Virginia.

4.    Bluestone reserves the right to introduce any exhibit listed in discovery by any party.

5.    Bluestone reserves the right to introduce any exhibit listed in the Integrated Pretrial Memorandum.

6.    Bluestone reserves the right to introduce any and all exhibits necessary to meet issues raised by any party.

7.    Bluestone reserves the right to supplement this list should any party supplement the exhibits identified by the plaintiffs, which may be offered if the need arises, or should supplementation be necessary in light of rulings on motions pending before the Court.

8.    Bluestone reserves the right to object to the admissibility of any and all exhibits identified by the plaintiffs which may be offered if the need arises.

## VI.    Objections to the Plaintiff's disclosures:

1.    Bluestone reserves the right to object to witnesses identified by any party herein that have not been previously disclosed in discovery.

2.    Bluestone reserves the right to object to exhibits identified by any party herein that have not been previously disclosed in discovery.

3.    Bluestone reserves the right to object to any exhibits based on relevancy and authenticity.

15

4. **CONTESTED ISSUES OF LAW REQUIRING A RULING BEFORE TRIAL:**

A.   **Plaintiff:**

USF&G filed this declaratory judgment action against all interested parties in the underlying civil action now pending in Wyoming County, West Virginia, regarding the availability of insurance coverage under a business auto policy issued to Big Chig for the applicable policy period. This declaratory judgment action involves legal issues which should appropriately be determined by the Court. The plaintiff timely filed a motion for summary judgment which stated alternative grounds for resolution in favor of the plaintiff. Additionally, the Court granted the plaintiff's motion for default judgment against Darren C. Lusk d/b/a Big Chig, Inc. and KAT Trucking.

The plaintiff asserts that the following issues require a ruling prior to trial. Alternatively, if the Court does not rule on the plaintiff's dispositive motion, the plaintiff asserts that the following issues of law will be at issue during the course of the trial of this matter.

1.   Whether USF&G is required to provide coverage under the subject policy for the claims of Charlie Sanders and Loretta Bailey, as Administratrix of the Estate of Shawn Keith Bailey, and whether USF&G has the duty to defend and/or indemnify Darren C. Lusk d/b/a Big Chig, Inc. in the underlying action now pending in Wyoming County, West Virginia, under the subject policy of insurance?

2.   Whether KAT Trucking and its insurer(s) owe Darren C. Lusk d/b/a Big Chig, Inc. a duty to defend or indemnify Darren C. Lusk d/b/a Big Chig, Inc. for the negligence alleged in the underlying action now pending in Wyoming County, West Virginia?

3.   If the Court determines that coverage exists under the policy of insurance issued by USF&G for the claims of Charlie Sanders and Loretta Bailey as Administratrix of the Estate of Shawn Keith Bailey, which coverage is hereby disclaimed, whether said coverage is excess over that provided by any policy or policies of insurance purchased by KAT Trucking or any other party named as a defendant in the underlying suit, said policy or policies providing primary coverage?

4.   Whether USF&G owes Bluestone Coal Company a duty of defense or indemnification due to its alleged status as an additional insured under the subject policy, given that Bluestone would stand in the shoes of Darren C. Lusk d/b/a Big Chig, Inc., the entity insured by USF&G, assuming that the

16

Court finds that no coverage is available for Darren C. Lusk d/b/a Big Chig, Inc. for the allegations contained in the underlying complaint?

5. Whether USF&G is entitled to a discretionary award of attorneys' fees and costs in defending and prosecuting the declaratory judgment action in this case?

## B. Defendants:

### Defendants Sanders and Bailey

The legal issue simply is whether the non-owned auto coverages contained in the USF&G policy are reasonably susceptible of an interpretation that [the claims pending in the Circuit Court of Wyoming County] "may be covered by the terms of the insurance policy." Aetna Casualty & Surety Company v. Pitrolo, 176 W.Va. 190, 194, 342 S.E.2d 156, 160 (1986). For the reasons stated Charlie Sanders and Loretta Bailey's Reply to USF&G's Motion for Summary Judgment, the NON-OWNED auto coverages contained under that policy plainly are susceptible to an interpretation that would extend coverage in the specific circumstances of this case. The issues are as follows:

(1) Does USF&G owe a duty to defend both Big Chig Trucking and its named additional insured, Bluestone Coal Corporation, in the underlying action pending in the Circuit Court of Wyoming County under the NON-OWNED AUTO coverage of USF&G's Policy Number D085P00168?

(2) Does USF&G have a duty to indemnify its insureds under those policies in the event the jury returns a verdict in favor of the injured parties establishing that Big Chig Trucking Company exerted control over the activities of KAT Trucking and utilized these trucks for the purposes of advancing and furthering its business interests?

(3) Whether Charlie Sanders and Loretta Bailey are entitled to an award of attorney's fees against USF&G as the prevailing parties in this Declaratory Judgment action?

(4) Is there sufficient evidence of record upon which a jury could find that Big Chig "controlled" the activities of Toler Trucking under Respondeat Superior? Burless v. W. Va. University Hospitals, 601 S.E.2d 85 (W.Va. 2004).

(5) Is there sufficient evidence of record upon which a jury could find that Big Chig knew Toler was overloading the trucks while operating under Big Chig's authority, thereby denying to Big Chig the INDEPENDENT CONTRACTOR defense? Syl. Pt. 6, Shaffer v. Acme Limestone, Inc., 524 S.E.2d 688, 701 (W.Va. 1999).

17

**Bluestone Coal Corporation**

Bluestone timely filed a Motion for Summary Judgment requesting this Honorable Court to enter summary judgment in favor of Bluestone and against USF&G in this matter. In support of the motion, Bluestone stated that USF&G issued Commercial Auto policy PD85P00168 to Darren C. Lusk d/b/a Big Chig, Inc., Big Chig Trucking and J&H Trucking for the period November 30, 2001 to November 30, 2002. This policy provides coverage for non-owned autos.

Defendant Darren Lusk ("Lusk") entered into a verbal agreement with Bluestone to haul coal from certain Bluestone sites. As part of that verbal agreement, Lusk was required to add Bluestone as an additional insured, and USF&G's authorized insurance agent issued a Certificate of Insurance listing Bluestone as an additional insured on the Big Chig policy.

Defendant Big Chig, Inc. ("Big Chig") then entered into a subcontract with Defendant KAT Trucking Company ("KAT Trucking") to haul coal from the Bluestone site. On April 15, 2002, a KAT Trucking employee, while driving a truck owned by KAT Trucking and while hauling coal from the Bluestone site, was involved in an accident with a pick-up truck driven by Shawn Bailey. Mr. Bailey was killed and his passenger, Charlie Sanders, was seriously injured.

Mr. Bailey's estate and Mr. Sanders filed suit again Bluestone, Big Chig and certain other defendants. Big Chig tendered defense of this claim to USF&G. USF&G denied coverage and initiated this declaratory judgment action.

Bluestone submits that the following issues will be at issue during the trial of this matter.

1.     Whether USF&G is estopped from denying that Bluestone is an additional insured under the commercial auto policy issued to Big Chig.

2.     Whether the KAT Trucking truck involved in the accident was a covered non-owned auto under the Big Chig commercial auto policy.

3.     Whether USF&G is required to provide coverage under the subject policy for the claims of Charlie Sanders and Loretta Bailey, as Administratrix of the Estate of Shaw Keith Bailey and whether USF&G has the duty to defend and/or indemnity Darren C. Lusk d/b/a Big Chig, Inc. and Bluestone in the underlying action now pending in Wyoming County, West Virginia, under the subject policy of insurance?

**5.     PLAINTIFF'S COUNSEL'S BRIEF STATEMENT OF ESSENTIAL ELEMENTS OF CLAIMS AND DAMAGES OR RELIEF SOUGHT:**

This declaratory judgment action arises from a personal injury claim that has been asserted in Wyoming County, West Virginia. On April 15, 2002, Ronnie Joe Lusk ("Lusk"), an employee of

KAT Trucking Company ("KAT"), lost control of a coal truck owned by KAT that was allegedly overloaded by employees of Bluestone Coal Corporation ("Bluestone"). As a result, the coal truck tipped over onto a truck being driven by Shawn Keith Bailey and occupied by Charlie Sanders, which caused the death of Shawn Keith Bailey and the paralysis of Charlie Sanders. Subsequently, Charlie Sanders and the Estate of Shawn Keith Bailey brought a civil action for compensatory and punitive damages against Bluestone, Big Chig, Inc. ("Big Chig"), Logan & Kanawha Coal Co., Inc. ("Logan Coal"), and Lusk on grounds that Bluestone had a coal haulage contract with Big Chig which, in turn, entered into a coal haulage contract with KAT and its employee, Lusk. The plaintiffs in the underlying action assert that Big Chig could be held liable for the alleged negligent, reckless and willful actions of KAT on a theory of *respondeat* superior and for the alleged negligent, reckless and willful actions of Bluestone on a theory of joint venture.

Plaintiff filed this declaratory judgment action against all interested parties in the underlying civil action regarding the availability of insurance coverage under a business auto policy issued to Big Chig for the applicable policy period. Default Judgment has been entered against Darren C. Lusk d/b/a Big Chig, Inc. and KAT Trucking, who failed to plead or otherwise defend this action. This case involves the interpretation of the terms of coverage of an insurance policy, and, thus, West Virginia law requires any party seeking coverage to prove both the existence of an applicable insurance contract and its material terms. *See Payne v. Weston*, 195 W.Va. 502, 506, 466 S.E.2d 161, 165 (1995).

Plaintiff submits that there is no obligation for USF&G to defend or otherwise pay under Big Chig's policy because the policy requires that the insured be legally liable to an injured party in order to be afforded coverage. The relationships between Big Chig and Bluestone and KAT were that of independent contractors rather than agents or joint venturers, and Big Chig cannot be held legally liable for the alleged negligent or reckless conduct of independent contractors. Regardless of whether any agency or joint venture existed, however, the truck owned and operated by KAT was not a covered "non-owned auto," as that term has been defined in Big Chig's policy and interpreted by the courts. "If the causes of action alleged in the plaintiff's complaint are entirely foreign to the risks covered by the insurance policy, then the insurance company is relieved of its duties under the policy." *State Auto Ins. v. Alpha Engineering Serv.*, 208 W. Va. 713, 716, 542 S.E.2d 876, 879 (2000). Even if coverage existed, which is disputed, such coverage would be excess over any other collectible insurance.

Accordingly, the plaintiff asserts that it is entitled to judgment as follows:

1.      That USF&G is not required to provide coverage under the subject policy for the claims of Charlie Sanders and Loretta Bailey, as Administratrix of the Estate of Shawn Keith Bailey, and does not have the duty to defend and/or indemnify Darren C. Lusk d/b/a Big Chig, Inc. against the Complaint now pending in Wyoming County, West Virginia, under the subject policy of insurance.

19

2.      That KAT Trucking and its insurer(s) owe Darren C. Lusk d/b/a Big Chig, Inc. a duty to defend or indemnify Darren C. Lusk d/b/a Big Chig, Inc. for the negligence alleged in the Complaint now pending in Wyoming County, West Virginia.

3.      That if coverage exists under the policy of insurance issued by USF&G for the claims of Charlie Sanders and Loretta Bailey, as Administratrix of the Estate of Shawn Keith Bailey, which coverage is hereby disclaimed, said coverage is excess over that provided by any policy or policies of insurance purchased by KAT Trucking or any other party named as a defendant in the underlying suit, said policy or policies providing primary coverage.

4.      That USF&G does not owe Bluestone Coal Company a duty of defense or indemnification due to its alleged status as an additional insured under the subject policy, given that Bluestone would stand in the shoes of Darren C. Lusk d/b/a Big Chig, Inc., the entity insured by USF&G, and no coverage is available for Darren C. Lusk d/b/a Big Chig, Inc. for the allegations contained in the underlying complaint.

Plaintiff also asserts that it is entitled to relief as follows:

1.      An award of costs which this Court determines are equitable and just pursuant to W. Va. Code § 55-13-10.

2.      A discretionary award of attorney fees and costs in defending and prosecuting this declaratory judgment action where Defendants Charlie Sanders, Loretta Bailey, as Administratrix of the Estate of Shawn Keith Bailey, Darren C. Lusk D/b/a Big Chig, Inc., and Bluestone Coal Company have asserted a claim for coverage which is clearly precluded by the subject policy.

## DEFENDANTS' COUNSELS' BRIEF STATEMENTS OF ESSENTIAL ELEMENTS OF DEFENSES, COUNTERCLAIMS, AND CROSS-CLAIMS:

### Defendants Sanders and Bailey

Big Chig Trucking Company hired Toler Tucking to perform a part of its haulage contract with Bluestone Coal Corporation. Toler Trucking paid Big Chig a flat fee per ton for every ton it hauled off of Bluestone's properties. Toler Trucking was allowed upon the Bluestone properties because it operated under Big Chig's name. All deliveries of coal to the Kenwest Terminal in the State of Kentucky were identified to be Big Chig hauls, even though they were carried by entities hired, retained and controlled by Big Chig. Big Chig processed all payments for the haul contracts and made all payments to those haulage companies that it utilized to perform its contracts. Big Chig knew and authorized Toler to carry hauls in excess of the weight limit laws of the State of West Virginia and authorized and condoned its violation of the weight limit laws.

20

Drivers who Big Chig authorized to operate under its corporate name and who entered upon the Bluestone properties under Big Chig's name gave directions to end-loader operators to overload the trucks. There can be no greater "CONTROL" than the power to dictate the size of the load that ultimately caused the harm to the injured parties.

On April 15, 2002, a "NON-OWNED" coal truck operating under Big Chig's corporate name rolled-over in a curve, crushing an on-coming pick-up truck. The two occupants were traveling home from work. One was killed. The other was paralyzed. The truck was severely overloaded by 90,000 pounds. The driver of the truck carrying a load that would be identified as a Big Chig load had given directions to the end-loader operator to overload the truck. The excessive load, under the injured parties' evidence, caused the center of gravity in the trailer of the truck to shift in a curve. The trailer tipped upon on its driver's side wheels and the excessive load caused a blow-out. A roll-over of the trailer ensued, causing the death and catastrophic injures suffered by Shawn Keith Bailey and Charlie Sanders.

Big Chig Trucking held a USF&G Commercial Insurance Policy. The Commercial Policy provides liability coverage for both owned and NON-OWNED coal trucks Big Chig used in its business. For the reasons more fully described in Charlie Sanders and Loretta Bailey's Reply to the Plaintiff's Motion for Summary Judgment, the NON-OWNED coverage provision is reasonably susceptible to an interpretation that would extend coverage under the specific facts of the claims against Big Chig.

The defendants demand a declaration that USF&G extends indemnification protection to its insureds and further seek an award of attorney's fees.

## Defendant Bluestone Coal Corporation

Big Chig entered into a verbal agreement with Bluestone to transport coal from Bluestone's stockpile. This agreement required that Big Chig add Bluestone as an additional insured to all its policies. Pursuant to this agreement, USF&G's authorized insurance agent issued a Certificate of Insurance listing Bluestone as an additional insured. Big Chig then entered into verbal agreements with several subcontractors, including KAT Trucking, to haul coal from the Bluestone site.

On April 15, 2002, a truck owned by KAT Trucking Company ("KAT Trucking") and driven by a KAT Trucking employee was involved in an accident while transporting coal from the Bluestone site. A driver in another vehicle was killed and his passenger was seriously injured. The injured passenger and the driver's estate filed suit against a number of defendants, including Big Chig and Bluestone. Big Chig tendered defense of this claim to USF&G, and USF&G responded by filing this suit seeking a declaratory judgment that no coverage is available.

USF&G issued Commercial Auto policy PD85P00168 to Darren C. Lusk d/b/a Big Chig, Inc., Big Chig Trucking and J&H Trucking for the period November 30, 2001 to November 30, 2002. The Declarations Page for this policy states that liability coverage is provided for Covered Auto 7, 8, and 9 with limits of $1,000,000 per accident.

Darren Lusk on behalf of Big Chig and Bluestone submitted this claim to USF&G. In response, USF&G filed this suit alleging that no coverage is available to Big Chig for this claim. In the declaratory judgment complaint, USF&G alleges, in part:

1.   The purpose of the "non-owned automobile clause" is to provide coverage to the insured while engaged in infrequent or casual use of an automobile other than one described in the policy.

2.   The KAT [Trucking] truck is not a "Nonowned Auto" covered under the policy as the purpose of a "non-owned automobile clause" is to provide coverage to Darren C. Lusk d/b/a Big Chig, Inc. while engage in infrequent or casual use of an automobile other than the one described in the policy.

3.   The KAT [Trucking] truck is not a "Nonowned Auto" covered under the policy as the driver was acting within the course and scope of his employment with KAT [Trucking], not with Darren Lusk d/b/a Big Chig, Inc.

The USF&G policy states, in part, that the insurer will pay all sums an insured must legally pay as damages because of bodily injury caused by an accident and resulting from the ownership, maintenance or use of a covered auto. Covered autos include non-owned autos which are defined as autos the named insured does not own, lease, hire, rent or borrow that are used in connection with the insured's business. The KAT Trucking truck involved in this accident falls within the definition of a covered non-owned auto. USF&G misstates the terms of its own policy. the definition of "nonowned auto" does not include any condition limiting such liability coverage to infrequent or casual use. Instead, the policy simply states that covered nonowned auto are those the insured does not own, lease, hire, rent or borrow, a description that certainly applies to the KAT Trucking truck involved in the underlying accident. Moreover, the definition of nonowned auto does not require that the driver be working in the course and scope of employment with the name insured-the provision simply states that the nonowned vehicle must be used in connection with the named insured's business. The undisputed facts establish that the KAT Trucking truck was being used in connection with Darren Luck's business at the time of the accident and that USF&G has a duty to defend and indemnify Mr. Lusk, Big Chig, Inc., and additional insured Bluestone, for the claims made by Mr. Sanders and by Mr. Bailey's estate.

For the reasons set forth herein, and in Bluestone's Motion for Summary Judgment, Bluestone asserts that it is entitled to a holding that the USF&G commercial auto policy provides coverage to Darren Lusk and/or Big Chig, and to the additional insured Bluestone, for the underlying action styled *Sanders v. Bluestone Coal Corporation, et al.*, Civil Action

No. 03-C-100, Circuit Court of Wyoming County, West Virginia. Further, Bluestone requests its attorneys' fees and costs relating to defending Bluestone's interests in this action.

**Defendant Logan & Kanawha Coal Company, Inc.**

Logan & Kanawha Coal Company herein adopts by reference the theories and facts asserted by Bluestone. However, Logan & Kanawha does not assert that it is an additional insured under the subject policy.

7.   **BRIEF SUMMARY OF MATERIAL FACTS AND THEORIES OF LIABILITY OR DEFENSE:**

A.   **Plaintiff:**

Plaintiff asserts that there are no genuine issues of material fact with the subject litigation. As such, the plaintiff has filed a motion for summary judgment and has timely filed a reply to the response which was filed by defendants Sanders and Bailey and defendant Bluestone.

B.   **Defendants:**

Charlie Sanders and Loretta Bailey rely upon those submissions, including the recitation of the facts, contained in their Reply to the Plaintiff's Motion for Summary Judgment.

Bluestone asserts that this Court can resolve this dispute on Bluestone Coal Corporation's Motion for Summary Judgment. However, if USF&G's position that the policy limits coverage to infrequent and casual use is deemed to have merit, then this issued will raise a genuine issue of material fact.

8.   **CONTESTED ISSUES OF FACT AND LAW:**

A.   **Plaintiff:**

I.   **Contested Issues of Fact:**

The plaintiff asserts that there are no contested genuine issues of material fact currently before the Court.

II.   **Contested Issues of Law:**

The contested issues of law relate to whether USF&G has an obligation to defend and/or indemnify Darren C. Lusk and any alleged additional insureds in an action filed by the Charles Sanders and Loretta Bailey, administratrix of the estate of Shawn Keith Bailey, as filed in the Circuit Court of Wyoming County, West Virginia. The contested issues of law

23

are more thoroughly stated in the motion for summary judgment and the reply filed by the plaintiff. See also Paragraph 5 of the plaintiff's portion of the integrated pretrial memoranda.

**B.     Defendants:**

**I.     Contested Issues of Fact:**

Charlie Sanders and Loretta Bailey believe the issues are legal issues and factual issues and are fully joined in the Cross-Motions for Summary Judgment.

Bluestone asserts that the plain language of the policy speaks for itself. Therefore, there are no contested genuine issues of material fact as USF&G is required to provide coverage to Big Chig and Bluestone as an additional insured.

**II.     Contested Issues of Law:**

Charlie Sanders and Loretta Bailey believe the issues are legal issues and factual issues and are fully joined in the Cross-Motions for Summary Judgment.

The contested issues of law relate to whether USF&G has a duty to defend and indemnify Big Chig, Inc., and Bluestone in connection with the underlying action in the Circuit Court of Wyoming County which is styled *Sanders v. Bluestone Coal Corporation, et al.*, Civil Action No. 03-C-100.

**9.     STIPULATIONS:**

**A.     Plaintiff:**

Plaintiff proposes that Defendants stipulate to the following Authenticity and admissibility of the applicable policy of insurance at issue in the subject litigation, policy number PD85P00168, with a policy period of November 30, 2001, through November 30, 2002.

**B.     Defendants:**

Charlie Sanders and Loretta Bailey believe the issues are legal issues and factual issues and are fully joined in the Cross-Motions for Summary Judgment.

Bluestone proposes that in addition to the stipulation requested above by Plaintiff, the parties stipulate that plaintiff's authorized insurance agent issued a Certificate of Insurance listing Bluestone as an additional insured on the policy.

**10.     SUGGESTIONS FOR AVOIDANCE OF UNNECESSARY PROOF AND CUMULATIVE EVIDENCE:**

24

**A.     Plaintiff**:

Stipulations as set forth above.  Plaintiff has no other suggestions at this time.

**B.     Defendants:**

The defendants, Charlie Sanders and Loretta Bailey, believe the coverage issues and the material facts are fully discussed in the Cross-Motions for Summary Judgment.

Bluestone has no other suggestions at this time other then the suggestions set forth in this Integrated Memorandum.

**11.     NEED FOR SPECIAL PROCEDURES FOR POTENTIALLY DIFFICULT OR PROTRACTED ASPECTS OF TRIAL**:

    **A.     Plaintiff:**

        None known at this time.

    **B.     Defendant:**

        None noted at this time.

**12.     SPECIAL VOIR DIRE QUESTIONS REQUESTED TO BE ASKED OF JURY PANEL:**

    **A.     Plaintiff:**

Plaintiff proposes that this matter be determined by the Court in a bench trial. However, should a jury panel be used to determine this litigation, the plaintiff proposes the following questions:

1.     Have any of you ever been called as a witness to testify in court? If so, please describe the circumstances.

2.     Have any of you ever sat as a juror on another case, whether it be criminal or civil?

    a.     Have any of you ever sat on a jury panel before during this term of court?
    b.     If so, what kind of case and what was the verdict?

3.     How many of you, other than to sit on a jury, have had some reason to sit in court during all or part of a trial?

4.    Have any of you had any training or experience in connection with the legal profession or ever worked for or with a lawyer?

     a.    Is anyone in your immediate family a lawyer or an employee of a law firm?

5.    Have any of you ever worked for an insurance company or for any firm or person who worked as an independent contractor as an adjuster for an insurance company?

6.    Can you pledge to be impartial and not permit prejudice, sympathy or emotion to play a role in your decision?

     a.    Does anyone have any problem being impartial and fair to all?

7.    Is anyone on the jury panel related by blood or marriage to any party?

8.    Do any of the prospective jurors or any of their relatives know anything about the accident that is the subject of the underlying litigation?  If any juror answers in the affirmative, please ask whether that prospective juror has formed any opinions concerning the parties.

9.    Has any prospective juror ever met or otherwise become acquainted with any of the attorneys, or any of the law firms, involved in this case?  If any prospective juror answers in the affirmative, please ask that juror to explain the nature of the acquaintance.

10.   Does any prospective juror oppose the jury system of resolving disputes?

11.   How many of you believe that just because someone sues someone else that that person is entitled to compensation?

12.   Are any members of the jury related to one another or acquainted with one another?

13.   Have you or any member of your immediate family ever sued an insurance company?

     a.    If so, please state the facts and circumstances of that case.

14.   Have you or any member of your immediate family ever filed a claim with either your insurance company or the insurance company of another person and been denied coverage for any reason?

     a.    If so, please state the facts and circumstances of that matter.

26

15. Have you or any members of your family ever filed a complaint with the Insurance Commissioner regarding the handling of any insurance issues?

    a. If so, please state the facts and circumstances of that complaint.

16. Have you or any members of your immediate family ever been involved in the trucking or coal industries?

    a. If so, please state the nature of your business or the business of your immediate family member.

17. Have you or any members of your family ever suffered injuries in motor vehicle accident?

    a. If so, please describe the nature of the accident and the injuries sustained.

18. Does any member of the jury believe that when you purchase an insurance policy that you have "full coverage" for any claims, notwithstanding any exclusionary language in the policy?

19. Is there anything about the nature of this case or the parties that make you hesitate to want to sit as a member of the jury?

20. Do you know anything that I have not asked you about that you believe we should know, or the Court should know, in choosing a jury to decide this case?

To the extent that any of the *voir dire* questions implicate privacy concerns, the plaintiff requests individual *voir dire*.

Plaintiff reserves the right to propose additional *voir dire* questions depending on responses elicited by the panel.

**B.    Defendants:**

**Defendants Sanders and Bailey**

1. Does any member of the panel have a family member who is employed as a coal truck driver?

2. Has any member of the panel ever work for Logan & Kanawha Coal Company, Bluestone Coal Corporation or Big Chig Trucking?

3. Has any member of the panel been an insured of USF&G?

4.      All voir dire questions proposed by the plaintiff are acceptable.

**Defendant Bluestone Coal Corporation**

Bluestone is in agreement with the voir dire questions proposed by Plaintiff, except Number 18 above.  Bluestone reserves the right to propose additional voir dire questions.

**13.     REALISTIC ESTIMATE OF TRIAL DAYS REQUIRED:**

**A.      Plaintiff**

A jury trial is not demanded by the plaintiff.  Plaintiff anticipates that the trial of this matter should not last longer than two (2) days.

**B.      Defendants:**

The defendants, Charlie Sanders and Loretta Bailey, anticipate that the Trial of this matter should not last longer than two [2] days.

Bluestone also anticipates that the trial of this matter can be concluded in two (2) days.

**14.     OTHER MATTERS RELEVANT FOR PRETRIAL DISCUSSION OR DISPOSITION:**

**A.      Plaintiff:**

None anticipated.

B.      Defendants:

**Defendants Sanders and Bailey**

Dispositive Cross-Motions for Summary Judgment have been filed by USF&G and by the defendants, Charlie Sanders and Loretta Bailey.

**Defendant Bluestone Coal Corporation**

None anticipated.

28

## 15. <u>CONCLUSION</u>:

The foregoing pre-trial order has been examined by the parties hereto, as evidenced by the signature of their counsel thereon.

The parties understand that the foregoing pre-trial memorandum shall not be amended except by consent of all parties, unless the Court shall modify the same to prevent manifest injustice, and such modification may be made on application of counsel for the parties or on motions of the Court; and

That upon trial, no proof shall be required as to the matters of fact hereinabove specifically found to be agreed facts, but that proof upon the issues of fact and law between plaintiff and defendants as hereinabove stated shall be had.

Entered this _____ day of _____, 2005.


_____

Honorable David A. Faber

29

_Jennifer R Anderson (signature)_

Joanna I. Tabit, Esq. (WVSB # 4303)
Hannah B. Curry, Esq. (WVSB # 7700)
Jennifer R. Anderson, Esq. (WVSB # 9326)
STEPTOE & JOHNSON, PLLC
P. O. Box 1588
Charleston, WV 25326-1588
(304) 353-8000
(304) 353-8180 (fax)
*Counsel for Plaintiff*


_William Flanigan by gra w/ permission (signature)_

William Flanigan (WVSB# 1217)
SANDERS, AUSTIN, PRUDICH & FLANIGAN
320 Courthouse Road
Princeton WV 24740
*Counsel for Defendants Charlie Sanders
and Loretta Bailey*


_Christopher Arthur by gra w/permission (signature)_

George J. Joseph (WVSB# 4967)
Christopher R. Arthur (WVSB# 9192)
BAILEY & WYANT PLLC
P.O. Box 3710
Charleston WV 25337-3710
*Counsel for Defendant Bluestone
Coal Corporation*


_C. William Davis by gra w/permission (signature)_

C. William Davis (WVSB# 946)
Richardson & Davis, PLLC
P. O. Box 1778
Bluefield, WV 24701
*Counsel for Defendant
Logan & Kanawha Coal Company, Inc.*

30



**STEPTOE &**
**JOHNSON**
PLLC
ATTORNEYS AT LAW

Clarksburg Charleston Morgantown Martinsburg Wheeling Huntington

Bank One Center, Eighth Floor
P.O. Box 1588
Charleston, WV 25326-1588
(304) 353-8000   (304) 353-8180 Fax
www.steptoe-johnson.com

Writer's Contact Information

(304) 353-8136
Andersj@steptoe-johnson.com

October 12, 2005

The Honorable Teresa L. Deppner, Clerk
United States District Court
P O Box 5009
Beckley WV 25801

      Re:    *United States Fidelity & Guaranty Company v. Charlie Sanders, et al.*
             Civil Action No. 5:03-0702

Dear Ms. Deppner:

     Enclosed for filing please find the **"Integrated Pretrial Memorandum"** in the above-referenced action. Please stamp this document "Filed" and place in the appropriate court record. A courtesy copy has been sent to Judge Faber.

     Thank you for your attention to this matter.

                 Very truly yours,

                 Jennifer R. Anderson

JRA
Enclosures
cc:    The Honorable David A. Faber (w/encl.)
       William Flanigan, Esquire (w/encl.)
       Christopher R. Arthur, Esquire (w/encl.)
       C. William Davis, Esquire (w/encl.)

644940/00008



TERRALEX